NOT DESIGNATED FOR PUBLICATION

No. 127,423

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID GLEN CROTHERS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Andrew R. Davidson*, deputy district attorney, *Thomas Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.


ISHERWOOD, J.: In 2011, David Glen Crothers was certified for adult prosecution of a mixture of 14 felonies and misdemeanors that were committed when he was 17 years old. Crothers pleaded guilty as charged and received a departure to probation with an underlying total prison term of 102 months. His probation was revoked the following year, and he was ordered to serve his prison term. Roughly nine years later, Crothers moved to correct what he classified as an illegal sentence that arose out of his alleged absence from the adult certification hearing. The motion was denied following an evidentiary hearing, and Crothers appeals that unfavorable ruling. We are satisfied the

1

district court arrived at the appropriate conclusion and uphold its denial of Crothers' motion.

FACTUAL AND PROCEDURAL BACKGROUND

Crothers was charged with 14 offenses related to a spree of burglaries and other offenses he committed as a juvenile. The State moved to prosecute Crothers as an adult under K.S.A. 38-2347, and following a hearing, the district court issued an order outlining the eight statutory factors from K.S.A. 38-2347(e) and authorizing prosecution of Crothers as an adult.

Crothers waived his right to a jury trial and pleaded guilty as charged in accordance with plea negotiations that allowed for the recommendation of a departure to probation and an order of restitution. The district court followed the State's proposal for consecutive, aggravated prison terms with a total sentence of 102 months but a departure that allowed Crothers an opportunity with probation. Crothers' probation was ultimately revoked when he failed to remain law abiding and picked up a new charge for aggravated burglary.

In January 2018, Crothers filed a motion alleging that his sentence was illegal. His support for the claim consisted of a contention that he was not present at the hearing on the State's motion to certify him for adult prosecution. The district court denied Crothers' motion, citing his failure to allege any fact which would excuse his failure to preserve the issue despite prior filings, such as his direct appeal and a prior habeas corpus petition. Crothers initially pursued an appeal but voluntarily dismissed it after the district court reviewed his probation revocation and placed him back on community corrections.

In January 2020, the district court again revoked Crothers' probation for his inability to refrain from criminal activity and remanded him to the Secretary of

2

Corrections' custody. The following year, Crothers filed another motion to correct an illegal sentence and resurrected his claim that he was not present for the adult certification hearing, which compromised his right to due process and deprived the district court of jurisdiction to accept his guilty plea.

The district court conducted an evidentiary hearing to resolve the matter during which Crothers and his father testified. Both men asserted that they were not present at the certification hearing. The prosecuting attorney assigned to the juvenile case and Crothers' defense attorney at that time were also called to testify. The prosecutor informed the court that notes contained within the State's file indicated that Crothers was personally present for the hearing at issue. She further testified that throughout her six-year career as a prosecutor in juvenile court, an adult certification hearing was not conducted without the juvenile being personally present. Crothers' former attorney testified that it was her recollection that Crothers was present for the hearing, and further, she would not have permitted a court to proceed on the matter if the juvenile was absent. The district court concluded, from the testimonial evidence, that Crothers was present for the certification hearing and denied his motion to correct an illegal sentence.

Crothers now brings his case before this court requesting that we analyze his claim and determine whether the district court erred when it denied his motion.

LEGAL ANALYSIS

*The district court's denial of Crothers' motion to correct illegal sentence was appropriate.*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

An illegal sentence is a sentence: (1) imposed by a court without jurisdiction; (2) that does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) that is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). A court may correct an illegal sentence at any time while the defendant is serving the sentence, including for the first time on appeal even if the reviewing court raises the issue sua sponte. K.S.A. 22-3504(a); *State v. Gomez*, 320 Kan. 3, 22, 561 P.3d 908 (2025); *State v. Zongker*, 319 Kan. 411, 437, 555 P.3d 698 (2024).

Crothers' position on appeal has not deviated from the issue he raised before the district court. Put simply, he was denied the opportunity to attend his adult certification hearing which resulted in a violation of his right to due process, deprived the district court of jurisdiction to accept his guilty plea, and subjected him to an illegal sentence. The State accurately notes that Crothers did not challenge the 2011 certification hearing on direct appeal or in a K.S.A. 60-1507 motion, only alleging his absence for the first time in 2018.

This issue was resolved via an evidentiary hearing, and at its conclusion, the judge found that Crothers sincerely believed that he was not present for the hearing but noted the passage of 11 years and its effect on memory. The district court credited the prosecutor's notes and found the testimony of both attorneys was credible given the regularity of certification hearings with the juvenile present, stating that if it had happened any other way, counsel would have responded accordingly.

The district court found that Crothers was present for his certification hearing and denied his motion. While we do not dispute that substantial competent evidence exists to support that conclusion, the appropriate analysis of this issue does not require us to engage in that analytical inquiry. We instead draw guidance from the manner in which

the Kansas Supreme Court handled a similar issue that was before them in *State v. Jones*, 292 Kan. 910, 257 P.3d 268 (2011) (*Jones III*).

Charles Jones was certified to stand trial as an adult for the commission of first-degree murder. A jury returned a verdict finding him guilty as charged, and the district court sentenced him to serve life in prison without the possibility of parole for 25 years. Jones first attempted to challenge his adult certification proceedings as part of his direct appeal. The Supreme Court was not persuaded, however, and affirmed Jones' conviction and sentence. *State v. Jones*, 273 Kan. 756, 758, 47 P.3d 783 (2002) (*Jones I*). Two years later, Jones made a second attempt by advancing a challenge against the proceedings through a K.S.A. 60-1507 motion. He was again unsuccessful as the district court denied the motion, and a panel of this court upheld that denial on appeal. *Jones v. State*, No. 99,370, 2009 WL 863106, at *2, 4 (Kan. App. 2009) (unpublished opinion) (*Jones II*).

Undeterred, Jones pursued a third avenue and filed a motion to correct an illegal sentence to argue that his certification proceeding was defective because:

> "(1) The complaint in his case did not comply with K.S.A. 1998 Supp. 38-1622 (repealed L. 2006, ch. 169, sec. 140) because it did not contain his parents' names and addresses and, thus, they were not provided with notice of the charges, Jones' right to counsel, or the waiver hearing; (2) the State failed to comply with K.S.A. 38-1625(b) (Furse 1993) (repealed L. 2006, ch. 169, sec. 140) when it failed to serve a copy of the complaint on Jones and his parents at the detention hearing; and (3) the district court did not comply with *In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967) [juveniles facing delinquency adjudications are entitled to essential standards of due process and fair treatment]." *Jones III*, 292 Kan. at 912.

Jones' efforts were once again fruitless as the district court dismissed the action as a successive attempt at relief. He took an appeal, and the Kansas Supreme Court found

that while the motion was dismissed as successive, there existed "a more fundamental problem with Jones' motion: K.S.A. 22-3504 is not an appropriate vehicle for addressing the issues that Jones has raised." 292 Kan. at 913-14. The court went on to find that regardless of the accuracy of Jones' factual assertions, those "procedural defects did not deprive the district court of jurisdiction to impose a sentence." 292 Kan. at 914. The court then delved a bit deeper into the issue to clarify that in relying on *In re Gault* as what is necessary to honor his right to due process, Jones was looking to the wrong authority; that case is relevant to a different stage of the juvenile proceeding. Rather, as it recognized in *State v. Muhammad*, 237 Kan. 850, 703 P.2d 835 (1985), the appropriate litmus test was articulated in *Kent v. United States*, 383 U.S. 541, 557, 561-62, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966). There, the Court identified the due process requirements for proceedings to waive juvenile jurisdiction as: a hearing, effective assistance of counsel, and a statement of the basis for the waiver. *Jones III*, 292 Kan. at 915. Accordingly, Jones failed to establish a due process violation that deprived the district court of jurisdiction, so in turn there was no basis to find that he received an illegal sentence. 292 Kan. at 916.

Crothers' motion suffers from a similar infirmary. The record before us, as with the district court, reflects that the *Kent* factors—a hearing, effective assistance of counsel, and a statement of the basis for the waiver—were satisfied and establish that the necessary due process requirements were met. Thus, Crothers has not established a due process violation that deprived the district court of jurisdiction, which in turn means there is no foundation to support an illegal sentence claim. The district court did not err in denying Crothers' motion.

Affirmed.

6